Salvador P. Simao
David S. Kim
FORD HARRISON LLP
300 Connell Drive, Suite 4100
Berkeley Heights, New Jersey 07922
Telephone: (973) 646-7300
Facsimile: (973) 646-7301
*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KALIL DIALLO,<br><br>                  Plaintiff,<br><br>     v.<br><br>WALMART, INC.,<br><br>                  Defendant. | *Electronically Filed*<br><br>Civil Action No._____<br><br><br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant Walmart Inc. ("Defendant"), by and through their undersigned attorneys, hereby remove the above-captioned matter from the Superior Court of New Jersey, Law Division, Mercer County, to the United States District Court for the District of New Jersey. Removal is proper based upon the following:

### Commencement of Action in State Court

1.      Plaintiff Kalil Diallo ("Plaintiff") commenced a civil action in the Superior Court of New Jersey, Law Division, Mercer County, by filing a Complaint and Jury Demand on or about December 15, 2020, captioned "Kalil Diallo v. Walmart, Inc.", Docket No. MER-L-002265-20.

2.      On or about December 16, 2020, Defendant was served a copy of the Summons and Complaint.   Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint, and Civil Case Information Sheet, which constitutes all process, pleadings and orders received by Defendant in this matter, is attached hereto as Exhibit A.

3.      This Notice of Removal is timely filed in accordance with 28 U.S.C. 1446(b), in that it is filed within thirty (30) days after December 16, 2020, the first date on which Defendant was provided with any pleading or other paper in this matter, and this case has been on file for less than one year.

## Nature of Claims

4.      In his Complaint, Plaintiff alleges he was employed by Defendant, and alleges he was subject to discrimination on the basis of race and ethnicity in violation of New Jersey's Law Against Discrimination ("NJLAD").

5.      Plaintiff demands compensatory damages, non-economic compensatory damages, punitive damages, interest, attorneys' fees, costs of suit, equitable back pay and equitable front pay.

## Diversity Jurisdiction

6.      This action is removable to this Court pursuant to 28 U.S.C. § 1441 in that, as shown below, it is one over which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states.

7.      Here, Plaintiff is an individual residing in the State of New Jersey and whose place of employment was in the State of New Jersey.  (*See* Exhibit A).  Plaintiff specifically alleges in the Complaint that he currently resides in Plainsboro, New Jersey and was employed

in New Jersey by Defendant for approximately five and a half years from December 2013 through July 7, 2019.  Accordingly, Plaintiff is a citizen of the State of New Jersey.

8.      Defendant Walmart Inc. is a Delaware corporation with a principal place of business in Bentonville, Arkansas. Accordingly, defendant Walmart Inc. is a citizen of the states of Delaware and Arkansas for purposes of 28 U.S.C. § 1332(a)(1).

9.      As such, there is complete diversity between all plaintiffs and all defendants.

10.     Plaintiff asserts claims under the NJLAD.  Under the New Jersey Law Against Discrimination, for example, the following monetary remedies are available: back pay, pain and suffering (emotional distress damages), punitive damages, and attorneys' fees with enhancement. Back pay continues to accrue as litigation continues.  Based on the remedies available to prevailing plaintiffs under the NJLAD, it is reasonably anticipated that the total amount in controversy exceeds $75,000, exclusive of interest and costs.  *See Raspa v. The Home Depot*, 533 F. Supp. 2d 514, 522 (D.N.J. 2007) (a "request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of plaintiff's claim is below the statutory minimum"); *Wolfe v. Nobel Learning Communities, Inc.*, Civ. A. No. 06-3921, 2006 U.S. Dist. LEXIS 93055, at *2 (D.N.J. Dec. 26, 2006) (amount in controversy requirement satisfied where it does not appear to a legal certainty that Plaintiff cannot recover in excess of $75,000 on her claims).

11.     Accordingly, this Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, as diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**Venue**

13.     The District of New Jersey is the proper venue for removal pursuant to 28 U.S.C. § 1441(a) because the action is pending in the Superior Court of New Jersey, Law Division, Mercer County, located within the District of New Jersey, and the actions which give rise to this matter occurred in the State of New Jersey.

**Notice**

14.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing to the Clerk of the Superior Court of New Jersey, Mercer County, and is being served upon counsel of record for Plaintiff.  A copy of Defendant's Notice of Filing of Notice of Removal is attached hereto as Exhibit B.

**Basis for Removal**

15.     Based on the foregoing, this action is properly removable under 28 U.S.C. §§ 1441(a) on the ground that this Court has original jurisdiction over this case under 28 U.S.C. § 1332 (diversity jurisdiction).

16.     This Notice of Removal is being filed within 30 days after the basis for removal was asserted, and is therefore timely under 28 U.S.C. § 1446(b).

17.     In filing this Notice of Removal, Defendant does not waive any defects in service of process, venue, or personal jurisdiction, nor any objections, exceptions, or defenses to the Complaint.

WHEREFORE, Defendant Walmart Inc. respectfully requests that this matter be removed to the United States District Court for the District of New Jersey and requests that this Court assume full jurisdiction over this action as provided by law.

FORD HARRISON LLP

Dated:  January 15, 2021

*/s/ David S. Kim*
DAVID S. KIM

*Attorneys for Defendant*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding, nor are there any non-parties known to Defendant that should be joined in this action.  In addition, I recognize a continuing obligation during the course of this litigation to file and serve on all other parties and with the Court an amended certification if there is a change in the facts stated in this original certification.

FORD HARRISON LLP

Dated:  January 15, 2021

*/s/ David S. Kim*
DAVID S. KIM

*Attorneys for Defendant*

WSACTIVELLP:11988467.1